UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N<u>o</u> 11-cv-585 (JFB)

———————————

UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

LOUISE DENNIS,

Defendant.

———————————

**MEMORANDUM AND ORDER**
June 18, 2012

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff United States of America ("plaintiff" or "United States") brought this action against Louise Dennis ("defendant" or "Dennis") seeking to recover amounts due as a result of defendant's alleged unpaid student loan.

Plaintiff now moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants plaintiff's motion for summary judgment.

I. BACKGROUND

A. Factual Background

The Court has taken the facts set forth below from the parties' affirmations and exhibits.[1] Upon consideration of a motion for summary judgment, the Court shall

---

[1] The Court notes that neither party filed a statement of material facts pursuant to Local Civil Rule 56.1. Plaintiff has filed an "Affirmation in Support of Motion for Summary Judgment" which outlines the relevant facts of this case, (Aff. in Support, Jan. 26, 2012, ECF No. 45), and plaintiff notified defendant of the requirements of Local Civil Rule 56.1 through the service of the "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment." (Notice, Jan. 19, 2012, ECF No. 40-1; Cert. of Service, Jan. 19, 2012, ECF No. 41; Aff. in Support, Jan. 26, 2012, ECF No. 45.) "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *see also Gilani v. GNOC Corp.*, No. 04 Civ. 2935 (ILG), 2006 U.S. Dist. LEXIS 23397, at *4-5 (E.D.N.Y. Apr. 25, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Local Civil Rule 56.1). Here, the evidentiary basis for the plaintiff's motion is straightforward and clear, rendering the need for a Rule 56.1 statement unnecessary for defendant to respond to the motion, or for the Court to consider the motion. Accordingly,

construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005).

Defendant applied for and was approved for a Direct Consolidation loan for a total principal amount of $30,153.96 ("the loan"). (Pl.'s Ex. B, Certificate of Indebtedness, ECF No. 45-2; Pl.'s Ex. C, Direct Loan Repayment Plan Selection & Application and Promissory Note, ECF No. 45-2.) In exchange for the loan, defendant executed and delivered to the United States Department of Education ("DOE") her promissory note, dated February 2, 2003, in the principal amount of $24,481.99.[2] (Pl.'s Ex. C, Direct Loan Repayment Plan Selection & Application and Promissory Note, ECF No. 45-2.) The loan was disbursed for $30,153.96 on March 21, 2003 at 7 percent interest per annum. (Pl.'s Ex. B, Certificate of Indebtedness, ECF No. 45-2.) The loan was made by the DOE under the William D. Ford Federal Direct Loan Program. (*Id.*) The DOE demanded payment according to the terms of the note, and defendant defaulted on the obligation on February 1, 2004. (*Id.*)

Pursuant to the Certificate of Indebtedness ("COI"), sworn to under penalties of perjury by a Loan Analyst for the Department of Education, defendant owed plaintiff $44,400.61 as of September 10, 2010. (*Id.*) The DOE had credited a total of $1,920.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. (*Id.*) Interest on the loan accrued on the principal of $30,153.96 at $5.78 per day. (*Id.*)

Defendant has made numerous filings in connection with this case. As discussed *infra*, her arguments in these filings are largely incomprehensible and without merit. However, her filings do not provide any evidence to controvert the above-referenced facts.

B. Procedural Background

Plaintiff filed the complaint in this action on January 24, 2011. Defendant was served on April 18, 2011. On June 7, 2011, plaintiff moved for entry of default, as defendant had not answered or otherwise responded to plaintiff's complaint. On July 18, 2011, the Clerk of the Court entered default against defendant. On August 23, 2011, the Court issued an Order directing defendant to respond within 10 days as to why default judgment should not be entered against defendant. On September 2, 2011, defendant filed a "Notice of Trial De Novo: Fed. R. CIV. P. #83.7-7 SEC. (a)." Defendant then

---

in the exercise of its broad discretion, the Court will overlook this defect and will deem admitted only those facts in plaintiff's affirmation in support of summary judgment that are supported by admissible evidence and not controverted by other admissible evidence in the record. *See Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003). Thus, in the instant case, although the parties failed to submit Local Rule 56.1 statements, the Court has carefully reviewed the evidence submitted in both parties' papers and has determined that plaintiff has set forth detailed evidence fully supporting its claim, and defendant has failed to submit any evidence to demonstrate the existence of any genuine issues of material fact in dispute. Accordingly, the court grants the United States' motion for summary judgment, as set forth *infra*.

[2] The promissory note for consolidated loans lists the principal at the time the loan is requested. When the loan is funded, the amount given is the payoff amount due on that date on the loan being consolidated. The principal listed in the promissory note, therefore, is typically a lower amount than is actually funded at a later date because additional interest has accumulated, or it can be lower if payments have been made in the interim. *U.S. v. Manoussos*, No. 10-cv-179 (JFB)(ARL), 2012 WL 899565, at *1 n.3 (Mar. 16, 2012). The Court notes that plaintiff does not contest the specific amount owed, but rather refuses to pay the loan based on incomprehensible arguments.

2

made a series of filings.[3] On November 17, 2012, the Court issued an Order vacating the entry of default and extending defendant's time to answer the complaint to January 18, 2012. On January 12, 2012, defendant filed a "Notice in Memorandum of Law Vacate, Set Aside Decision/Judgment." (ECF No. 42.) On January 19, 2012 plaintiff requested a pre-motion conference in anticipation of moving for summary judgment or, in the alternative, moving for default judgment. On January 25, 2012, the Court issued an Order stating that the Court construed defendant's "Notice in Memorandum of Law Vacate, Set Aside Decision/Judgment" to be defendant's answer and set a briefing schedule for plaintiff's motion for summary judgment. That same day, defendant filed a "Notice in Memorandum of Law Vacate, Set Aside Decision/Judgment." (ECF No. 46.) Plaintiff filed its motion for summary judgment on January 26, 2012. Defendant filed another document titled "Notice in Memorandum of Law Vacate, Set Aside Decision/Judgment" and a "Notice in Interlocutory Injunction Relief Preliminary Injunction" on January 31, 2012. (ECF No. 47.) Plaintiff filed its reply on March 28, 2012. The Court has fully considered the submissions of the parties.

## II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

---

[3] Those filings included: five filings titled "Notice of Trial De Novo: Fed. R. CIV. P. #83.7-7 SEC. (a)" and made on September 7, 2011 (ECF No. 8), September 19, 2011 (ECF No. 9), September 19, 2011 (ECF No. 10), September 23, 2011 (ECF No. 11), and September 28, 2011 (ECF No. 12), and three motions seeking a "Stay of Proceeding[s] on Interlocking Grounds" filed on October 12, 2011 (ECF No. 16), October 19, 2011 (ECF No. 21), and November 8, 2011. (ECF No. 36.)

574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (emphasis in original)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. 2505 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48, 106 S. Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III. DISCUSSION

#### A. Applicable Law

The case arises under the William D. Ford Federal Direct Loan Program under the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1087a-1087j. Pursuant to the Act, the Secretary of Education may require any borrower who has defaulted on a loan made under the William D. Ford Federal Direct Loan Program to "pay all reasonable collection costs associated with such loan," and "repay the loan pursuant to an income contingent repayment plan." 20 U.S.C. § 1087e(d)(5)(A)-(B).

#### B. Liability

As proof that defendant took out the loan at issue, plaintiff attaches a copy of the Repayment Plan Selection and Federal Direct Consolidation Loan Application and Promissory Note, signed by defendant, and dated February 2, 2003. (Pl.'s Ex. C, Direct Loan Repayment Plan Selection & Application and Promissory Note, ECF No. 45-2.) Under the promissory note for the loan, the borrower "agree[s] to pay interest on the principal amount of [the loan] from the date of disbursement until the loan is paid in full or discharged." (*Id.* at 4.) The borrower also agrees that if the borrower defaults on the loan, the borrower will pay "reasonable collection fees and costs, plus court costs and attorney's fees associated with collection of the debt." (*Id.*) Defendant does not contest that her signature appears on these documents, and does not dispute that she received the money from the loan.

Additionally, plaintiff attaches a COI from a loan analyst in the DOE. (Pl.'s Ex. B, Certificate of Indebtedness, ECF No. 45-2.) According to the COI, defendant executed a promissory note to secure a direct consolidation loan on or about February 2, 2003. (*Id.*) The loan was disbursed for $30,153.96 on March 21, 2003 at 7 percent interest per annum. (*Id.*) The DOE demanded payment according to the terms of the note, and defendant defaulted on the obligation on February 1, 2004. (*Id.*)

All of the arguments in defendant's filings are fanciful and/or incomprehensible.[4] For instance, defendant

---

[4] The Court draws upon defendant's filings after plaintiff's request for a pre-motion conference, namely defendant's two filings that begin with a "Notice in Memorandum of Law Vacate, Set Aside Decision/Judgment" and include additional documents, filed on January 25, 2012 (ECF No. 46), and January 31, 2012 (ECF No. 47).

4

alleges "[t]he Plaintiff United States Government absolute Statutory Power violated the Clause of the Fourth Amendment to the United States Constitution, actionable Torts-Conduct search and seizure thereof privilege-Attorney/Client communication-potential Counsel. The United States was absence of probable cause." (Notice in Memorandum of Law Vacate, Set Aside Decision/Judgment at 4, Jan. 25, 2012, ECF No. 46.[5]) Defendant also alleges that "Pro Se applying the 'Plain Error Standard' outlined in United States v. Koeberlein . . . issues of error occurred affected Pro Se Substantial Constitutional Rights (Fifth, Sixth, Eighth Amendments) and seriously affected the fairness of the proceeding. (Due Process)." (Notice in Memorandum of Law Vacate, Set Aside Decision/Judgment at 1, Jan. 31, 2012, ECF No. 47.) In addition, defendant argues: "The Defendant Pro Se allegation that Plaintiff United States cause of actions is a reasonable probability that the Counsel's unprofessional errors set-forth Constitutional Jurisprudence prohibit the United States Government required Pro Se to demonstrate as a witness against herself, or forcing 'confession' through illegal trickery by rehearing compelling testimony-evidences filed in Calendar Jurisdiction thereof New York State District Court County of Nassau. See: The Doctrine of 'Oath EX Officio.'" (*Id.*) Having reviewed all of defendant's filings carefully and considered all of the arguments therein, the Court finds there is no evidence to controvert the evidence submitted by plaintiff that defendant executed the promissory note, received the loan disbursement, and owed $44,400.61 as of September 10, 2010.

To the extent that defendant appears to try to argue that the issue of her student loan debt was litigated in some court in Nassau County, defendant has produced no documentation, through court or other records, to support this fanciful allegation. Defendant has produced a document titled "Request for Change of Address or Boxholder Information Needed for Service of Legal Process." (Def.'s Ex. A, Jan. 31, 2012, ECF NO. 47.) In this document, stamped with a date of November 23, 2010, plaintiff's law firm requests defendant's address for service of process. Although the form references that suit will be brought in "District Court County Nassau," (*id.*), this does not mean that plaintiff initiated an action in state court. In fact, plaintiff filed this action in federal court shortly after receiving defendant's address.

In sum, plaintiff has met its burden of proof in establishing the factual bases underlying its claim for recovery. In response to the plaintiff's evidence, defendant has submitted no evidence to show that there exists a genuine issue of material fact in dispute. Accordingly, because there is no genuine issue of material fact in dispute, the court grants the United States' motion for summary judgment.

### C. Damages

According to the uncontroverted evidence supplied by the COI, defendant owed a principal amount of $30,153.96. The COI states that interest accrues on the principal at a rate of $5.78 per day. As of September 10, 2010, defendant owed $14,246.65 in interest, for a total sum of $44,400.61. The United States is entitled to post-judgment interest under 28 U.S.C. § 1961.

The United States also seeks costs associated with this action. Costs comprise

---

[5] Because defendant's submissions do not contain page numbers, the ECF docketing pagination is given.

the filing fee of $350, which plaintiff seeks pursuant to 28 U.S.C. § 2412, and service of process fee of $29. (Pl. Aff. ¶ 14, Jan. 26, 2012, ECF No. 45; Pl.'s Ex. D, Process Service Invoice, ECF No. 40-4.) The Court grants plaintiff these costs, totaling $379. *See United States v. Ruiz*, 10-CV-4551 (ADS) (ARL), 2011 U.S. Dist. LEXIS 115997, at *8 (E.D.N.Y. Oct. 7, 2011) (awarding United States $390 in costs in student loan action); *United States v. Terry*, CV 08-3785 (DRH) (ETB), 2009 U.S. Dist. LEXIS 115562, at *7 (E.D.N.Y. Oct. 21, 2009) (awarding United States $150 in costs in student loan default judgment), *adopted by* 2009 U.S. Dist. LEXIS 115556 (E.D.N.Y. Dec. 11, 2009).

## IV. CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for summary judgment and awards plaintiff $44,400.61, plus $379 in costs. Pre-judgment interest shall continue to accrue at the rate of $5.78 per day from September 10, 2010 until the date judgment is entered. Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.[6] The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 18, 2012
      Central Islip, NY

---

[6] Any cross-motions by defendant for relief, including injunctive relief, are denied because there is no basis in law or fact for any relief in defendant's favor.

* * *

Plaintiff is represented by Liberatore Joseph Iannarone and Dolores M. Iannarone, Mullen & Iannarone, 300 East Main Street, Suite 3, Smithtown, NJ 11787. Defendant is *pro se*.

6